UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LOIS VIGNIERO ESTRELLA,

                        Petitioner,

           -v-                                          14 Civ. 1571(PAE)

YVETTE TAY-TAYLOR, *in her official capacity as New York Assistant Field Office Director for Immigration and Customs Enforcement*; DANIEL BIBLE, *in his official capacity as New York Deputy Field Office Director for Immigration and Customs Enforcement*; CHRISTOPHER SHANAHAN, *in his official capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement*; JEH JOHNSON, *in is official capacity as Secretary of Homeland Security*; ERIC HOLDER, *in his official capacity as the Attorney General of the United States*; and the U.S. DEPARTMENT OF HOMELAND SECURITY,

                        Respondents.

                                             OPINION & ORDER

------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      On March 7, 2014, Lois Vigniero Estrella ("Vigniero") petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Department of Homeland Security ("DHS"). Dkt. 2. Vigniero explained that DHS was detaining him under the asserted authority of 8 U.S.C. § 1226(c), which provides for the mandatory detention during removal proceedings of certain aliens. Vigniero argues that § 1226(c) does not apply to him because he was not detained "when . . . released" from custody for an enumerated offense, as the statute requires.

      On March 14, 2014, the Court approved the parties' proposed briefing schedule, with a slight modification, and directed the parties to consult its recent opinion in *Straker v. Jones*, --- F.

1

Supp. 2d ---, 2013 WL 6476889 (S.D.N.Y. Dec. 10, 2013). Dkt. 6. In *Straker*, the Court engaged in a painstaking statutory construction of § 1226(c) and concluded, *inter alia*, that DHS acquires the duty and authority to subject an alien there defined to mandatory detention "when," as the statute says, "the alien is released." *Straker*, 2013 WL 6476889, at *5–*9. The Court further concluded that an alien is "released" within the meaning of the statute when he or she is released from "physical restraint," such as imprisonment, pursuant to a conviction for an enumerated offense. *Id.* at *9–*15. Because the petitioner, Straker, had never been imprisoned or otherwise subjected to physical restraint pursuant to a conviction, the mandatory detention statute, § 1226(c), did not apply to him, and DHS could only continue to detain him during his removal proceedings under 8 U.S.C. § 1226(a), which requires a bond hearing. *Straker*, 2013 WL 6476889, at *15. The Court accordingly granted Straker's petition for a writ of habeas corpus and directed DHS to provide him with such a bond hearing within 10 days. *Id.* at *16.

On March 26, 2014, the Government submitted a letter in which it, commendably, acknowledged that, "[i]n the instant petition, Vigniero raises essentially the same legal arguments, and his case presents many of the same facts, that were before the Court in *Straker*." Dkt. 12 at 2. The Government went on to explain that for "the offense on which [DHS's] removal charges are based, Vigniero was sentenced to three years of probation. Thus, like the petitioner in *Straker*, Vigniero was not in physical custody following his conviction for a removable offense." *Id.* (citations omitted). Although the Government expressed its disagreement with *Straker's* holding that termination of a non-custodial sentence does not satisfy the "release" requirement of the mandatory detention statute, it stated that, "in the event the Court is inclined to follow its decision in *Straker* in the instant matter, respondents rely on the

2

Government's opposition papers in that matter . . . and submit that the Court may decide this matter without further briefing from the parties." *Id.* at 2–3.

The Court thanks the Government for its candor and professionalism. The expedited consideration that the Government's concession permits will save valuable time for the Court and the parties, and, most importantly, will allow Vigniero to have his bond hearing sooner. The Court agrees with the Government that the facts in this case are materially indistinguishable from the facts in *Straker*, and sees no reason to revisit its considered decision in *Straker*.

The Court therefore grants Vigniero's petition for a writ of habeas corpus. Because Vigniero was never released from physical custody following a conviction for an enumerated offense, *id.* at 2, DHS lacks the authority to detain him under 8 U.S.C. § 1226(c). *See Straker*, 2013 WL 6476889, at *9–*15, the reasoning of which is incorporated herein. If DHS wishes to continue to detain Vigniero during his removal proceedings, it can only do so under § 1226(a), which requires a bond hearing. *See Straker*, 2013 WL 6476889, at *15. The Government shall provide Vigniero with a bond hearing, consistent with § 1226(a), by April 7, 2014.

The Clerk of Court is respectfully directed to close this case. Mr. Vigniero need not submit a reply brief, and the Court will not hold argument as previously scheduled on April 11, 2014.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 28, 2014
      New York, New York

3